IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARCKUS ANTHONY JACKSON, SR.,**       CASE NO. 3:24 CV 2041

Plaintiff,

v.      JUDGE JAMES R. KNEPP II

**CORRECTIONS CENTER OF**
**NORTHWEST OHIO, et al.,**

     **MEMORANDUM OPINION AND**
Defendants.      **ORDER**

### INTRODUCTION

*Pro se* Plaintiff Marckus Anthony Jackson, Sr., a prisoner incarcerated in the Corrections Center of Northwest Ohio ("CCNO"), has filed a prisoner civil rights complaint against CCNO, Nurse Practitioner Brittany Heller, Nurse Tonya, and Corrections Officer Kline. (Doc. 1). For the reasons discussed below, the Court finds this action must be dismissed pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

Plaintiff states that on October 30th "at approximately 5:42-5:58 p.m." while he "was talking thru the mesh" next to his tray slot inquiring about a refill for buffing the floor, "C.O. [Kline] slammed the metal tray slot open very fast" and it struck him in the face causing multiple bruises around his eye. *Id.* at 3-4, ¶ IV. He asserts the C.O. did not apologize for this conduct, was "emotionless" and "unprofessional", and made him "feel very belittled." *Id.* at 4.

In addition, Plaintiff states that "upon going to medical," Nurse Tonya told him she was going to order an x-ray; however, Nurse Practitioner Brittany Heller subsequently denied him

"going to an emergency room & x-ray, [and] further proper medical care" after coming to "inspect" him and "pressing [his] eye socket extremely hard." *Id.*

Plaintiff does not allege any specific federal rights violation in his complaint, but he seeks "financial compensation for [his] emotional distress and medical negligence due to [his] civil rights for proper medical attention being violated, the emotional distress of [his] vision being slightly blurry for an extended period of time and not being provided proper medical attention." *Id.* at 5, ¶ V.

### STANDARD OF REVIEW

Although federal courts are obligated to construe *pro se* complaints liberally, this principle is not without limits. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf" or create claims for them. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to screen any complaint in which a prisoner seeks redress from governmental defendants, and to dismiss before service any such complaint the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P.12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A). To avoid a dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts consistent with liability. Rather, his allegations must be sufficient to "nudge[]" his claims "across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 U.S. at 570.

## DISCUSSION

Although Plaintiff's Complaint does not assert a specific federal civil rights claim, the Court liberally construes it as seeking relief under 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment with respect to his medical care and the conduct of C.O. Kline. Upon review, the Court finds his Complaint fails to state a plausible Eighth Amendment claim.

CCNO

As an initial matter, Plaintiff fails to allege a plausible claim against CCNO. To state a § 1983 claim, a plaintiff must allege a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). "A state prison is not a 'person' subject to suit under § 1983." *Anderson v. Morgan Cnty. Corr. Complex*, 2016 WL 9402910, at *1 (6th Cir.).

Individual Defendants

In addition, Plaintiff's allegations, even liberally construed, are insufficient to state a plausible claim under the Eighth Amendment against the individual Defendants.

3

*Nurse Tonya / Nurse Practitioner Heller*

In the context of a prisoner's medical needs, courts find Eighth Amendment violations only where prison officials are "so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain". *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir.1994). Such a claim has both objective and subjective components. A plaintiff must demonstrate both that he had a medical condition that posed a "substantial risk of serious harm" to him (the objective component), and that a prison official acted with "deliberate indifference" to such risk (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

The subjective component here "requires more than mere negligence, more even than medical malpractice." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (holding the requirement is "something akin to criminal recklessness"). Consequently, allegations of medical malpractice or negligent diagnosis or treatment are insufficient to state a claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004). Similarly, a prisoner's disagreement with the treatment received is insufficient to rise to the level of an Eighth Amendment violation. *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Mitchell*, 553 F. App'x at 605 (stating a prisoner's "desire for additional or different treatment does not suffice" to make out a claim).

Where a prisoner has received some treatment for a medical need or condition, in order to state an Eighth Amendment claim, the prisoner must show the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 604 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)); *see also Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the

dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Plaintiff's allegations regarding his medical care do not rise to the level of an Eighth Amendment violation. His Complaint on its face indicates he seen by Nurse Tonya and Nurse Practitioner Heller for his alleged injuries, and Heller determined after examining him that he did not require emergency care or an x-ray. Although Plaintiff disagrees with Heller's assessment and contends more should have been done for him, his allegations do not support a plausible inference that the attention he received was "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 604. Even if Heller's assessment was incorrect, or amounts to medical malpractice or negligence under state law, Plaintiff's allegations do not permit a plausible inference that Heller or any individual Defendant acted with subjective "deliberate indifference" to his medical needs within the meaning of the Eighth Amendment. *See, e.g.*, *Bertl v. City of Westland*, 2009 WL 247907, at *5 (6th Cir. 2009) ("a prison doctor who provides careless or ineffective treatment merely displays incompetence, not unconstitutional deliberate indifference") (citation omitted).

*Correctional Officer Kline*

Plaintiff's Complaint also fails to allege facts sufficient to state a plausible Eighth Amendment claim with respect to C.O. Kline. The Eighth Amendment protects prisoners from the use of excessive force by prison officers. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). But like Eighth Amendment claims in other contexts, an Eighth Amendment excessive force claim requires a prisoner to demonstrate objective and subjective components. *See, e.g.*, *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). The subjective component of a claim focuses on the prison official's state of mind. In the excessive force context, the relevant inquiry is "whether

5

force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320-21); *see also Gravely v. Madden*, 142 F.3d 345, 349 (6th Cir. 1998) ("In the context of restoring order on prison grounds, the Supreme Court explained that the question of whether the defendant's actions inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.") (internal quotation marks and citation omitted). Courts consider a number of factors in this assessment, including "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted". *Whitley*, 475 U.S. at 321. Courts may also consider the circumstances "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id.* As cautioned by the Supreme Court, a use of force analysis must also be made with deference to prison officials as they attempt to maintain order and discipline in prison settings. *See id.* at 321-22. "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action", and *de minimis* uses of physical force that are "not of a sort repugnant to the conscience of mankind" do not violate the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (quoting *Hudson*, 503 U.S. at 9-10) (internal quotation marks omitted).

In his Complaint, Plaintiff simply states C.O. Kline "slammed the metal tray slot open so fast" that it struck him in the face causing multiple bruises around his eye. (Doc. 1, at 4.) This statement fails to "nudge" his Eighth Amendment claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

Even liberally construed, the Court finds the allegations of the Complaint are insufficient to support a plausible finding that Officer Kline used "excessive force" against Plaintiff maliciously and sadistically for the very purpose of causing him harm. *See, e.g*, *Bloodworth v. Pouperd*, 2022 WL 716099, at *3 (N.D. Ohio) (dismissing excessive force claim where plaintiff did not allege facts which could support an inference that the defendant acted "maliciously and sadistically" with the intention of causing harm).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's complaint fails to state a plausible federal civil rights claim upon which he may be granted relief and it is therefore DISMISSED pursuant to 28 U.S.C. § 1915A;[1] and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2025

---

1. In light of the Court's finding that dismissal is warranted under § 1915A, it is not necessary to address the sufficiency of Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).